## (October 29, 1976)

■ JOHN P. LAFRATE, as Director of the Pilgrim State Psychiatric Center, et al., Respondents, v SUFFOLK COUNTY BOARD OF ELECTIONS, Appellant.—In a proceeding to compel the Suffolk County Board of Elections to register certain individuals and to permit them to vote in the general election to be held on November 2, 1976, the board appeals from so much of a judgment of the Supreme Court, Suffolk County, dated October 28, 1976, as granted the petition to the extent of directing the board to (1) register 24 named individuals who are voluntary residents of the Pilgrim State Psychiatric Center and (2) permit the individuals to vote in the general election to be held on November 2, 1976. Judgment modified, on the law, by deleting the first two decretal paragraphs thereof and substituting therefor provisions (1) that the petition is granted to the extent that petitioner Nicholas Cancellieri shall be permitted to register to vote in the general election to be held on November 2, 1976 and (2) that the proceeding is otherwise dismissed, with leave to those individuals who are voluntary residents of the Pilgrim State Psychiatric Center to commence proper proceedings. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements. The issue of residency must be established on the facts as

they relate to each of the individuals involved (cf. *Palla v Suffolk County Bd. of Elections,* 38 AD2d 84, affd 31 NY2d 36). The record contains insufficient proof as to residence, save as to petitioner Nicholas Cancellieri. As to him, the record sufficiently establishes his residence in Suffolk County. Margett, Damiani, Rabin and Hawkins, JJ., concur; Cohalan, Acting P. J., concurs as to the dismissal of the proceeding as to the 23 named individuals who are voluntary residents of the Pilgrim State Psychiatric Center, but otherwise dissents and votes to remand to Special Term for the holding of an evidentiary hearing as to the residence of petitioner Nicholas Cancellieri on the ground that his affidavit is insufficient to establish the *bona fides* of his residence in Suffolk County (see *Palla v Suffolk County Bd. of Elections,* 38 AD2d 84, affd 31 NY2d 36).